UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAMON RIVERO HUNG,

      Petitioner,

    v.                         Case No.:  2:26-cv-00395-SPC-NPM

WARDEN, ICE DETENTION
FACILITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Ramon Rivero Hung's Petition for Writ of Habeas Corpus (Doc. 1),[1] the government's response (Doc. 9), and Rivero Hung's Reply (Doc. 10).  For the below reasons, the Court grants the petition.

### A. Background

Rivero Hung is a native of Cuba who was paroled into the United States in 1992.  He later gained lawful-permanent-resident status, and he has a U.S. citizen wife and U.S. citizen children.  Following his conviction of crimes that constitute removable offenses, an immigration judge ordered him removed on January 25, 2016.  Immigration and Customs Enforcement ("ICE") officials were unable to remove him during the removal period, so it released him under

---

[1] Rivero Hung's wife Thalia Hernandez filed the petition as his "next friend."  The respondent objects to her authority to do so.  The Court is satisfied that Hernandez satisfies the requirements for "next friend" standing established in *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

an order of supervision on April 29, 2016, after 95 days in ICE detention. He has since complied with all reporting requirements.

On October 11, 2025, local law enforcement arrested Rivero Hung for probation violation and drug offenses. ICE issued a detainer and assumed custody to execute the removal order. Rivero Hung is currently detained at Alligator Alcatraz. He challenges the legality of his detention because there is no significant likelihood of removal in the reasonably foreseeable future.

**B. Jurisdiction**

Before addressing the merits of Rivero Hung's claim, the Court must address its jurisdiction. The respondents argue a provision of the Immigration and Nationality Act ("INA") bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did

not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

Rivero Hung does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Rather, Rivero Hung challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Rivero Hung's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge ICE detained Rivero Hung during the removal period and for more than 90 days thereafter, but they argue his petition is premature because his current detention has not exceeded 180 days. They argue the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to detain noncitizens indefinitely

and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because we are outside the presumptively reasonable period of detention, *Zadvydas*'s burden-shifting framework applies. Rivero Hung has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove Rivero Hung in 2016, no change in circumstances makes removal to Cuba more likely now, and ICE has taken no steps to remove him since his re-detention in October 2025. The burden thus shifts to the respondents. In the initial response, the U.S. Attorney's Office acknowledged it had no evidence to suggest a significant likelihood of removal. The government has since supplemented with a Notice of Removal dated December 30, 2025. It states ICE's intent to remove Rivero Hung to Mexico. But the respondents do not claim they have taken any steps to act on that intention, nor do they provide any reason to believe Mexico is likely to accept Rivero Hung.

**D. Conclusion**

The Court finds no significant likelihood Rivero Hung will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Rivero Hung to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Ramon Rivero Hung Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Rivero Hung within 24 hours of this Order, and he shall facilitate his transportation from the detention facility by informing his wife Thalia Hernandez when and where he can be collected. She has provided the following email address: Hdezthalia22@gmail.com.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

S
A: FTMP-1
Copies: All Parties of Record